Chief Justice Robertson
delivered the Opinion of the Courh
Ti-iis Court having reversed a decree, which Willianl Broaddus had obtained against Beverly Broaddus and others, and remanded the case to the Circuit Court, without instructions, Beverly Broaddus, on the return of the case to the Circuit Court, offered to file an answer, in which he alleged that he had, prior to the institution of the suit, paid William Broaddus all that he ever owed him, and for which he had sued, and filed, as evidence of such payment, a paper purporting to be the receipt of William Broaddus; and also, for the purpose of showing, that he ought to be permitted then to file the answer* filed his own affidavit, and the concurrent affidavit of another person, stating, in substance* that there had beeii no service of process upon him; that,having heard that a suit had been brought against him in the Madison Circuit Court, he enquired of William Broaddus why he had sued him, to which he replied, that he had been advised, that he was a necessary party, but that, as he claimed nothing from him, his only object in bringing the suit, was to obtain a decree against his co-defendants, and and that he did not claim any decree against him; that* confiding in this explanation, and knowing that no 'subpoena had ever been served on him, or acknowledged by hint, and moreover, residing in Estill County, and being in bad health* he did not consider it necessary to enquire further into the case, or to attend to it* áhd was greatly surprised when he heard that a decreé had been rendered against him, on a false return of service, for the amount which he had before fully paidi
But the Circuit Judge* being of the opinion, that the mandate of this Court precluded any further prepara *537 tion, refused to admit the answer, and thereupon rendered another decree against Beverly Broaddus, differing from the first decree only so far as this Court had decided that it was erroneous..
And to reverse this last decree, this writ of error is prosecuted, for supposed error in refusing to admit the answer.
This Court did not intend to conclude the parties, under all circumstances, by its mandate; and therefore simply remanded the case, without any direction to the Circuit Court; in consequence of which, the case stood just as it did when it was first heard, at the term when the first decree was rendered.
It seems to us, therefore, perfectly manifest, that the Circuit Court had power, upon sufficient cause being shown, to permit further preparation, and especially such a defence as that proposed by the rejected answer. Had such an answer, accompanied by such affidavits, been exhibited on the first hearing of the case in the Circuit Court, or even after the first decree and whilst that court had power over the case and the parties, surely there should be no doubt that it would have been the duty of the Court to reinstate the parties and admit the answer. And we doubt not, that the Circuit Court had the same power upon the return of the case from this court without instruction; and having power over the parties, the Court should not have permitted either of them to obtain, by fraud and surprise, an unjust decree against the other. That the decree now complained of is such an one there can be no doubt, if the answer or affidavits be, as they must prima facie be deemed to be, true. Upon such facts, a bill in the nature of a bill of review impeaching the decree for fraud, might be maintained; and it could not have been necessary or proper to render a decree in invito, when it was evident that it could, if rendered, be impeached and set aside for fraud, and when the Circuit Court had not been directed by this Court, to render any such decree under any such circumstances.
We are therefore clearly of the opinion, that the Circuit Court erred in refusing to permit Beverly Broaddus to file his answer.
*538 And, therefore, the decree of the Circuit Court is re-' versed, and the cause remandod, with instructions to admit the answer, and allow such further preparation as shall be proper and reasonable.